UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of all Others Similarly Situated,<br><br>                                           Plaintiff,<br><br>- against -<br><br>174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP,<br><br>                                           Defendants | 21cv10132  (JPC)(GWG)<br><br>**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

**WHEREAS**, Plaintiff EDWIN ZAYAS and Defendants 174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP, through their undersigned counsel, stipulation and agree as follows:

1.  This action is hereby dismissed with prejudice, pursuant to the terms of the Settlement Agreement and Order signed by the Court on November _____ , 2022.

2.  The Court shall retain jurisdiction over this action for the sole purpose of enforcing compliance with the terms of the Settlement Agreement and Order annexed hereto as **Exhibit 1**.

3.  A facsimile or scanned copy of this stipulation will be considered the same as an original and may be filed with the court electronically or by facsimile transmission.

Dated:  November _____ , 2022

> The parties are directed to either re-file the settlement agreement and include Exhibit 1 to that agreement or to file a letter explaining why the Court should retain jurisdiction in this case notwithstanding the failure to file that exhibit by November 17, 2022.
>
> SO ORDERED.  
> Date:  November 10,  2022            _____  
> New York, New York                     JOHN P. CRONAN  
>                                            United States District Judge

| | |
|---|---|
| LAW OFFICES OF JAMES E. BAHAMONDE, PC | ABRAMS FENSTERMAN, LLP |
| __/s/ James E. Bahamonde_____ | /s/ *Dean Boyer* |
| James E. Bahamonde, Esq.<br>2501 Jody Court<br>North Bellmore, NY 11710<br>Tel:  (646) 290-8258<br>Fax: (646) 435-4376<br>E-mail:  james@civilrightsny.com | N. Dean Boyer, Esq.<br>3 Dakota Dr., Suite 300<br>Lake Success, NY 11042<br>Tel: 516-328-2300<br>E-mail: nboyer@abramslaw.com |
| *Attorney for Plaintiff* | *Attorney for 174 8th Avenue Associates, Inc. and 174 Eighth Rest Corp.* |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of all Others Similarly Situated,<br>                                            Plaintiff<br><br>- against -<br><br>174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP<br><br>                                            Defendants | **SETTLEMENT AGREEMENT** |

      This Settlement Agreement is entered into by and between Plaintiff EDWIN ZAYAS (hereinafter referred to as "Plaintiff "), and Defendants 174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP (hereinafter referred to as "Defendants" or Plaintiff and Defendants both collectively referred to as the "Parties");

      **WHEREAS**, Plaintiff filed this action against Defendants on November 29, 2021 alleging disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296, and New York City Administrative Code pursuant to which Plaintiff sought declaratory and injunctive relief, damages, attorneys' fees, litigation expenses and costs;

      **WHEREAS**, Defendants are a private entity within the meaning of Section 301 of the ADA, 42 U.S.C. § 12181, and 28 C.F.R. § 36.104. The commercial facility owned by 174 8th Avenue Associates, Inc. houses a restaurant owned and operated by Defendant 174 Eighth Rest Corp.;

      **WHEREAS**, 174 Eighth Rest Corp. is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7) because, among other things, it is "a restaurant, bar, or other establishments serving food or drink." 42 U.S.C. § 12181(7); *see* 28 C.F.R. § 36.104. The public accommodation, Jungle Bird located at 174 8th Ave, New York, NY 10011.

      **WHEREAS**, the parties are interested in resolving the issues alleged in the complaint in this action, and have negotiated in good faith for that purpose;

      **WHEREAS**, none of the parties to the above-captioned action is an infant or incompetent person;

      **WHEREAS,** Plaintiff and Defendants have agreed to a settlement of this action to avoid further expense, time, effort and uncertainty in regard to this action;

**WHEREAS,** Defendants deny the allegations of wrongdoing and liability against them in the Complaint, and by entering into this Agreement do not intend to admit, and do not admit, the same;

**WHEREAS**, the Parties respectfully request that the Court approve and enter the Settlement Agreement, and retain jurisdiction to enforce its terms;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the parties that all claims will be compromised, settled, released, and dismissed upon and subject to the terms of this Agreement, as follows:

## SECTION I
## DEFINITIONS

1. As used in this Agreement, the following terms will have the following meaning:

    a. "Plaintiff" means EDWIN ZAYAS.

    b. "Defendants" means collectively 174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP.

    c. "Parties" means collectively Plaintiff and Defendants.

    d. "Action" means *Zayas v. 174 8th Avenue Associates, Inc., 21cv10132 (JPC)(GWG)*, pending in the United States District Court for the Eastern District of New York.

    e. "Architect" means and refers to architect, Juan Aguilera of The Hudson Group.

    f. "Readily Achievable Alterations" means and refers to the removal of existing architectural barriers, which do not comply with the applicable ADA Accessibility Standards.

    g. "Contractor" means and refers to the licensed and insured general contractor that shall be retained to remove identify readily achievable alterations.

    h. "Effective Date" means the date this Agreement is signed by all Parties.

## SECTION II
## JURISDICTION

2. The Southern District Court of New York shall retain jurisdiction in this action for the purpose of interpreting or carrying out the terms of this Agreement and granting such other and further relief as may be necessary for its enforcement. In addition, if the Court should find or hold that the Defendants have breached any portion of this Agreement, the Defendants

agree that the Plaintiff's causes of action against the Defendants shall be revived without right to any defenses based upon the statute of limitation, latches, estoppel or any other defenses based on lapses of time or changed circumstances or both.

## SECTION III
## GENERAL AGREEMENT

3.  The Parties acknowledge that each party has reviewed and revised this Settlement Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

4.  This Settlement Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Settlement Agreement must be in writing and executed by the Parties hereto.

5.  Neither this Settlement Agreement or anything contained herein shall constitute or is to be construed as an admission by Defendants or as evidence of any liability, wrongdoing, or unlawful conduct.

6.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successor and/or assigns. The Parties shall perform their obligations under the Settlement Agreement in good faith.

7.  The Parties acknowledge they have been afforded an opportunity to consider the terms and conditions of this Agreement, that they have read and understand the terms and conditions herein, and that they have been advised to obtain counsel and have been provided with the opportunity to consult with their respective counsel prior to their execution of the Agreement.

8.  The Parties agree that this Settlement Agreement is being consummated in New York and that performance by Defendants will be in New York County, New York. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

9.  Plaintiff represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of or encumbered any of the claims, demands, obligations or causes of action referred to in this Agreement.

10. Defendants, their officers, employees, agents, successors, and assigns and all other persons in active concert or participation with them agree not to discriminate on the basis of disability as prohibited by the Title III of the Americans with Disabilities Act, New York State Civil Rights Laws § 40-c and 40-d, New York State Human Rights Laws § 296(18) and New York City Administrative Code § 8-107 *et seq*, and the accessibility guidelines set forth in the

ADA Standards for Accessible Design set forth in 28 Standards for Accessible Design are provided in Title III regulations at 28 C.F.R. Part 36, subpart D and 36 C.FR. part 1191, appendices B and D (hereinafter referred to as "ADAAG").

## SECTION IV
## ALTERATIONS

11. Defendants agree to implement a plan to remove the architectural barriers identified at its public accommodation which are readily achievable in accordance with the 2010 ADA standards for Accessible Design (hereinafter "ADAAG"):[1] The readily achievable modifications are itemized in the report annexed hereto as Exhibit 1.

12. If the Readily Achievable Alterations required are not timely completed due to acts of God, Defendants shall be allowed additional time in which to complete the require alterations and shall not be deemed to be in violation of the compliance dates contained herein as long as Defendants makes a good faith effort to effect implementation as soon as reasonably possible thereafter. In such event, Defendants must notify Plaintiff's attorney in writing within thirty-days of the deadline of the need for additional time to complete the re alterations.

13. After completion of any and all work done in connection with the Readily Achievable Alterations, Defendants shall maintain those accessible features in operable working condition in accordance with applicable law.

14. Defendants agree to complete the alterations and/or modifications contained in Paragraph 1, *supra,* with six (6) months of the execution of this Agreement. However, if the alterations and/or modifications required hereby are not timely completed due to acts of God, regulatory agency, law, or other government action or inaction, the Defendants shall be allowed additional time in which to complete the required modifications and shall not be deemed to be in violation of the compliance dates contained herein as long as Defendants make a good faith effort to effect implementation as soon as reasonably possible thereafter. In such event, Defendants must notify Plaintiff's attorney in writing, by certified-mail with return receipt, within thirty-days of the need for additional time to complete the required modifications. Plaintiff shall not unreasonably withhold his consent to a reasonable extension requested.

## SECTION V
## MONETARY RELIEF

15. Concurrent with the execution of this Agreement, Defendants agree to pay Plaintiff the total sum of TWENTY THOUSAND DOLLARS ($20,000). This amount is inclusive of damages, attorney's fees and costs related to this action. The monetary payment shall be made by delivering via certified mail, overnight mail or FEDEX mail to Plaintiff's attorneys, the Law Offices of James E. Bahamonde, P.C., Attn: James E. Bahamonde, Esq., 2501

---

[1] Standards for Accessible Design are provided in Title III regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

4

Jody Court, North Bellmore, New York 11710, one (1) check made payable to James E. Bahamonde, PC in the amount of TWENTY THOUSAND DOLLARS ($20,000).

16. If any portion of the monetary payment is not received within five (5) days, the statutory interest rate will be charged on all fees, cost or expenses.

17. If any of the aforementioned payments are not paid timely, and in the amount agreed upon herein, then Plaintiff can use all legal avenues to enforce this agreement, with all attorney's fees, costs, collection fees and expenses incurred by the Plaintiff and/or Plaintiff's counsel to be fully reimbursed by the Defendants jointly and severally. In addition, Plaintiff's counsel shall be entitled to an automatic judgment against Defendants for the total outstanding amount together with all attorney's fees, collection costs, and other expenses incurred in enforcing this agreement.

## SECTION VI
## FAILURE TO PERFORM

18. In the event of any litigation, including any appeals, arising from or relating to the enforcement, scope, performance or non-performance of or under this Settlement Agreement, the prevailing party will be entitled to recover all reasonable attorney's fees and costs incurred in connection therewith, including any appeal. The term "prevailing party" includes a party whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant, regardless of whether that change has been implemented voluntarily, as a result of a settlement or as a result of a judgment in such plaintiff's favor. (NYC Administrative Code § 8-502 (g)).

## SECTION VII
## CONSTRUCTION AND SEVERABILITY

19. This Agreement will be deemed to have been jointly drafted, and no provision herein will be interpreted or construed for or against any party because such party drafted or requested such provision or this Agreement as a whole.

20. If any provision in this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Agreement will endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision will materially affect the intent of the Agreement. The parties to this Agreement will consult and use their best efforts to agree upon a valid and enforceable provision that will be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Agreement.

21. This Agreement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of the instant proceeding will be deemed to exist, to bind the parties hereto, or to vary the terms and conditions contained herein.

22.     The parties to this Agreement expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys, and that they have executed this Agreement voluntarily, without duress, coercion, or undue influence.

## SECTION VIII
## RELEASE

23.     In exchange for Defendants' agreement to the terms set forth in this Settlement Agreement and payment of the monetary relief described in Section III, Plaintiff fully and forever releases, acquits, and forever discharges with prejudice, subject to the terms of this Settlement Agreement, Defendants and all their principals, employees, agents, representatives, officers, heirs, assigns, subsidiaries, successors in interest, attorneys, and insurers of Defendants from any and all liability, claims, or rights of action, of any kind or nature whatsoever arising from the allegations set forth or described in the Complaint in this action, whether known or unknown, including all claims for reasonable attorneys' fees and costs (hereinafter, the Plaintiffs' Released Claims"), provided however, that the released claims will not include any claims to enforce any provision of this Agreement. The release to each Defendant is an individual release. No breach of this Settlement Agreement by a particular Defendant will have any impact on the release or obligations of any of the other Defendants.

24.     Each Defendant fully and forever releases, acquits, and forever discharges with prejudice, subject to the terms of this Agreement, Plaintiffs and each other Defendant and their principals, employees, agents, representatives, officers, heirs, assigns, subsidiaries, successors in interest, attorneys, and insurers from any and all liability, claims, or rights of action, of any kind or nature whatsoever arising from the allegations set forth or described in the Complaint and Answers in this action, whether known or unknown, including all claims for reasonable attorneys' fees and costs.

## SECTION IX
## SEVERABILITY

25.     If any provision of this Settlement Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Settlement Agreement shall remain enforceable and in full force and effect, provided that both Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

## SECTION X
## EXECUTION IN COUNTERPARTS

26.     This Settlement Agreement can be executed in counterparts, all of which shall be taken to be one and the same instrument, for the same effect as if all Parties hereto had signed the

same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

_____*Edwin Zayas*_____  
EDWIN ZAYAS

Date: November __2__, 2022

_____  
174 8th Avenue Associates, Inc.

By_____

Title: _____

Date: November____, 2022

_____  
174 Eighth Rest Corp.

By_____

Title: _____

Date: November____, 2022

7

| | |
|---|---|
| Law Offices of James E Bahamonde, PC | Abrams Fensterman, LLP |
| /s/ James E. Bahamonde | |
| JAMES E. BAHAMONDE, ESQ. | Rachel D. Gold |
| 2501 Jody Court | 3 Dakota Dr., Suite 300 |
| North Bellmore, NY 11710 | Lake Success NY 11042 |
| E-mail: James@CivilRightsNY.com | E-mail: rgold@abramslaw.com |
| Date: November 2, 2022 | Date: November____, 2022 |

It is so ORDERED this  day of November _____ , 2022

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT COURT JUDGE

8

same signature page.  A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

| | |
|---|---|
| _____ | _____ |
| EDWIN ZAYAS | 174 8th Avenue Associates, Inc. |
| Date: November____, 2022 | By _[signature]_____ |
| | Title: _President_____ |
| | Date: November _6th_, 2022 |
| | _____ |
| | 174 Eighth Rest Corp. |
| | By _[signature]_____ |
| | Title: _PRESIDENT_____ |
| | Date: November _2nd_, 2022 |

7

| | |
|---|---|
| Law Offices of James E Bahamonde, PC | Abrams Fensterman, LLP |
| | *Dean Boyer* |
| JAMES E. BAHAMONDE, ESQ.<br>2501 Jody Court<br>North Bellmore, NY 11710 | N. Dean Boyer, Esq.<br>3 Dakota Dr., Suite 300<br>Lake Success NY 11042 |
| E-mail: James@CivilRightsNY.com | E-mail: nboyer@abramslaw.com |
| Date: November____, 2022 | Date: November 7, 2022 |

It is so ORDERED this  day of November __10____ , 2022

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT COURT JUDGE

8