UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiff,<br><br>- against -<br><br>174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP,<br><br>    Defendants | 21cv10132  (JPC)(GWG)<br><br>STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

**WHEREAS**, Plaintiff EDWIN ZAYAS and Defendants 174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP, through their undersigned counsel, stipulate and agree as follows:

1. This action is hereby dismissed with prejudice, pursuant to the terms of the Settlement Agreement and Order signed by the Court on November __15__ , 2022.

2. The Court shall retain jurisdiction over this action for the sole purpose of enforcing compliance with the terms of the Settlement Agreement and Order annexed hereto as **Exhibit 1**.

3. A facsimile or scanned copy of this stipulation will be considered the same as an original and may be filed with the court electronically or by facsimile transmission.

Dated:  November 14, 2022

SO ORDERED.
Date:  November 15,  2022
New York, New York

JOHN P. CRONAN
United States District Judge

| | |
|---|---|
| LAW OFFICES OF JAMES E. BAHAMONDE, PC | ABRAMS FENSTERMAN, LLP |
| /s/ James E. Bahamonde | /s/ *Dean Boyer* |
| James E. Bahamonde, Esq.<br>2501 Jody Court<br>North Bellmore, NY 11710<br>Tel: (646) 290-8258<br>Fax: (646) 435-4376<br>E-mail: james@civilrightsny.com | N. Dean Boyer, Esq.<br>3 Dakota Dr., Suite 300<br>Lake Success, NY 11042<br>Tel: 516-328-2300<br>E-mail: nboyer@abramslaw.com |
| *Attorney for Plaintiff* | *Attorney for 174 8th Avenue Associates, Inc. and 174 Eighth Rest Corp.* |

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of all Others Similarly Situated,<br>　　　　　　　　　　　　　　　Plaintiff<br><br>　　　　　　　- against -<br><br>174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP<br><br>　　　　　　　　　　　　　　　Defendants | SETTLEMENT AGREEMENT |

　　　This Settlement Agreement is entered into by and between Plaintiff EDWIN ZAYAS (hereinafter referred to as "Plaintiff "), and Defendants 174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP (hereinafter referred to as "Defendants" or Plaintiff and Defendants both collectively referred to as the "Parties");

　　　**WHEREAS**, Plaintiff filed this action against Defendants on November 29, 2021 alleging disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296, and New York City Administrative Code pursuant to which Plaintiff sought declaratory and injunctive relief, damages, attorneys' fees, litigation expenses and costs;

　　　**WHEREAS**, Defendants are a private entity within the meaning of Section 301 of the ADA, 42 U.S.C. § 12181, and 28 C.F.R. § 36.104. The commercial facility owned by 174 8th Avenue Associates, Inc. houses a restaurant owned and operated by Defendant 174 Eighth Rest Corp.;

　　　**WHEREAS**, 174 Eighth Rest Corp. is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7) because, among other things, it is "a restaurant, bar, or other establishments serving food or drink." 42 U.S.C. § 12181(7); *see* 28 C.F.R. § 36.104. The public accommodation, Jungle Bird located at 174 8th Ave, New York, NY 10011.

　　　**WHEREAS**, the parties are interested in resolving the issues alleged in the complaint in this action, and have negotiated in good faith for that purpose;

　　　**WHEREAS**, none of the parties to the above-captioned action is an infant or incompetent person;

　　　**WHEREAS,** Plaintiff and Defendants have agreed to a settlement of this action to avoid further expense, time, effort and uncertainty in regard to this action;

1

**WHEREAS,** Defendants deny the allegations of wrongdoing and liability against them in the Complaint, and by entering into this Agreement do not intend to admit, and do not admit, the same;

**WHEREAS**, the Parties respectfully request that the Court approve and enter the Settlement Agreement, and retain jurisdiction to enforce its terms;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the parties that all claims will be compromised, settled, released, and dismissed upon and subject to the terms of this Agreement, as follows:

## SECTION I
## DEFINITIONS

1. As used in this Agreement, the following terms will have the following meaning:

   a. "Plaintiff" means EDWIN ZAYAS.

   b. "Defendants" means collectively 174 8TH AVENUE ASSOCIATES, INC. and 174 EIGHTH REST CORP.

   c. "Parties" means collectively Plaintiff and Defendants.

   d. "Action" means *Zayas v. 174 8th Avenue Associates, Inc., 21cv10132 (JPC)(GWG)*, pending in the United States District Court for the Eastern District of New York.

   e. "Architect" means and refers to architect, Juan Aguilera of The Hudson Group.

   f. "Readily Achievable Alterations" means and refers to the removal of existing architectural barriers, which do not comply with the applicable ADA Accessibility Standards.

   g. "Contractor" means and refers to the licensed and insured general contractor that shall be retained to remove identify readily achievable alterations.

   h. "Effective Date" means the date this Agreement is signed by all Parties.

## SECTION II
## JURISDICTION

2. The Southern District Court of New York shall retain jurisdiction in this action for the purpose of interpreting or carrying out the terms of this Agreement and granting such other and further relief as may be necessary for its enforcement. In addition, if the Court should find or hold that the Defendants have breached any portion of this Agreement, the Defendants

2

agree that the Plaintiff's causes of action against the Defendants shall be revived without right to any defenses based upon the statute of limitation, latches, estoppel or any other defenses based on lapses of time or changed circumstances or both.

## SECTION III
## GENERAL AGREEMENT

3. The Parties acknowledge that each party has reviewed and revised this Settlement Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

4. This Settlement Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Settlement Agreement must be in writing and executed by the Parties hereto.

5. Neither this Settlement Agreement or anything contained herein shall constitute or is to be construed as an admission by Defendants or as evidence of any liability, wrongdoing, or unlawful conduct.

6. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successor and/or assigns. The Parties shall perform their obligations under the Settlement Agreement in good faith.

7. The Parties acknowledge they have been afforded an opportunity to consider the terms and conditions of this Agreement, that they have read and understand the terms and conditions herein, and that they have been advised to obtain counsel and have been provided with the opportunity to consult with their respective counsel prior to their execution of the Agreement.

8. The Parties agree that this Settlement Agreement is being consummated in New York and that performance by Defendants will be in New York County, New York. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

9. Plaintiff represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of or encumbered any of the claims, demands, obligations or causes of action referred to in this Agreement.

10. Defendants, their officers, employees, agents, successors, and assigns and all other persons in active concert or participation with them agree not to discriminate on the basis of disability as prohibited by the Title III of the Americans with Disabilities Act, New York State Civil Rights Laws § 40-c and 40-d, New York State Human Rights Laws § 296(18) and New York City Administrative Code § 8-107 *et seq*, and the accessibility guidelines set forth in the

ADA Standards for Accessible Design set forth in 28 Standards for Accessible Design are provided in Title III regulations at 28 C.F.R. Part 36, subpart D and 36 C.FR. part 1191, appendices B and D (hereinafter referred to as "ADAAG").

## SECTION IV
## ALTERATIONS

11.     Defendants agree to implement a plan to remove the architectural barriers identified at its public accommodation which are readily achievable in accordance with the 2010 ADA standards for Accessible Design (hereinafter "ADAAG"):[1] The readily achievable modifications are itemized in the report annexed hereto as Exhibit 1.

12.     If the Readily Achievable Alterations required are not timely completed due to acts of God, Defendants shall be allowed additional time in which to complete the require alterations and shall not be deemed to be in violation of the compliance dates contained herein as long as Defendants makes a good faith effort to effect implementation as soon as reasonably possible thereafter.  In such event, Defendants must notify Plaintiff's attorney in writing within thirty-days of the deadline of the need for additional time to complete the re alterations.

13.     After completion of any and all work done in connection with the Readily Achievable Alterations, Defendants shall maintain those accessible features in operable working condition in accordance with applicable law.

14.     Defendants agree to complete the alterations and/or modifications contained in Paragraph 1, *supra,* with six (6) months of the execution of this Agreement.  However, if the alterations and/or modifications required hereby are not timely completed due to acts of God, regulatory agency, law, or other government action or inaction, the Defendants shall be allowed additional time in which to complete the required modifications and shall not be deemed to be in violation of the compliance dates contained herein as long as Defendants make a good faith effort to effect implementation as soon as reasonably possible thereafter.  In such event, Defendants must notify Plaintiff's attorney in writing, by certified-mail with return receipt, within thirty-days of the need for additional time to complete the required modifications. Plaintiff shall not unreasonably withhold his consent to a reasonable extension requested.

## SECTION V
## MONETARY RELIEF

15.     Concurrent with the execution of this Agreement, Defendants agree to pay Plaintiff the total sum of TWENTY THOUSAND DOLLARS ($20,000). This amount is inclusive of damages, attorney's fees and costs related to this action.  The monetary payment shall be made by delivering via certified mail, overnight mail or FEDEX mail to Plaintiff's attorneys, the Law Offices of James E. Bahamonde, P.C., Attn: James E. Bahamonde, Esq., 2501

---

[1] Standards for Accessible Design are provided in Title III regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

4

Jody Court, North Bellmore, New York 11710, one (1) check made payable to James E. Bahamonde, PC in the amount of TWENTY THOUSAND DOLLARS ($20,000).

16. If any portion of the monetary payment is not received within five (5) days, the statutory interest rate will be charged on all fees, cost or expenses.

17. If any of the aforementioned payments are not paid timely, and in the amount agreed upon herein, then Plaintiff can use all legal avenues to enforce this agreement, with all attorney's fees, costs, collection fees and expenses incurred by the Plaintiff and/or Plaintiff's counsel to be fully reimbursed by the Defendants jointly and severally. In addition, Plaintiff's counsel shall be entitled to an automatic judgment against Defendants for the total outstanding amount together with all attorney's fees, collection costs, and other expenses incurred in enforcing this agreement.

## SECTION VI
## FAILURE TO PERFORM

18. In the event of any litigation, including any appeals, arising from or relating to the enforcement, scope, performance or non-performance of or under this Settlement Agreement, the prevailing party will be entitled to recover all reasonable attorney's fees and costs incurred in connection therewith, including any appeal. The term "prevailing party" includes a party whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant, regardless of whether that change has been implemented voluntarily, as a result of a settlement or as a result of a judgment in such plaintiff's favor. (NYC Administrative Code § 8-502 (g)).

## SECTION VII
## CONSTRUCTION AND SEVERABILITY

19. This Agreement will be deemed to have been jointly drafted, and no provision herein will be interpreted or construed for or against any party because such party drafted or requested such provision or this Agreement as a whole.

20. If any provision in this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Agreement will endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision will materially affect the intent of the Agreement. The parties to this Agreement will consult and use their best efforts to agree upon a valid and enforceable provision that will be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Agreement.

21. This Agreement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of the instant proceeding will be deemed to exist, to bind the parties hereto, or to vary the terms and conditions contained herein.

22. The parties to this Agreement expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys, and that they have executed this Agreement voluntarily, without duress, coercion, or undue influence.

## SECTION VIII
## RELEASE

23. In exchange for Defendants' agreement to the terms set forth in this Settlement Agreement and payment of the monetary relief described in Section III, Plaintiff fully and forever releases, acquits, and forever discharges with prejudice, subject to the terms of this Settlement Agreement, Defendants and all their principals, employees, agents, representatives, officers, heirs, assigns, subsidiaries, successors in interest, attorneys, and insurers of Defendants from any and all liability, claims, or rights of action, of any kind or nature whatsoever arising from the allegations set forth or described in the Complaint in this action, whether known or unknown, including all claims for reasonable attorneys' fees and costs (hereinafter, the Plaintiffs' Released Claims"), provided however, that the released claims will not include any claims to enforce any provision of this Agreement. The release to each Defendant is an individual release. No breach of this Settlement Agreement by a particular Defendant will have any impact on the release or obligations of any of the other Defendants.

24. Each Defendant fully and forever releases, acquits, and forever discharges with prejudice, subject to the terms of this Agreement, Plaintiffs and each other Defendant and their principals, employees, agents, representatives, officers, heirs, assigns, subsidiaries, successors in interest, attorneys, and insurers from any and all liability, claims, or rights of action, of any kind or nature whatsoever arising from the allegations set forth or described in the Complaint and Answers in this action, whether known or unknown, including all claims for reasonable attorneys' fees and costs.

## SECTION IX
## SEVERABILITY

25. If any provision of this Settlement Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Settlement Agreement shall remain enforceable and in full force and effect, provided that both Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

## SECTION X
## EXECUTION IN COUNTERPARTS

26. This Settlement Agreement can be executed in counterparts, all of which shall be taken to be one and the same instrument, for the same effect as if all Parties hereto had signed the

same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

*/s/ Edwin Zayas*
_____          _____
EDWIN ZAYAS                             174 8th Avenue Associates, Inc.

Date: November  2  , 2022               By_____

                                        Title: _____

                                        Date: November____, 2022


                                        _____
                                        174 Eighth Rest Corp.

                                        By_____

                                        Title: _____

                                        Date: November____, 2022

7

| | |
|---|---|
| Law Offices of James E Bahamonde, PC | Abrams Fensterman, LLP |
| /s/ James E. Bahamonde | |
| JAMES E. BAHAMONDE, ESQ. | Rachel D. Gold |
| 2501 Jody Court | 3 Dakota Dr., Suite 300 |
| North Bellmore, NY 11710 | Lake Success NY 11042 |
| E-mail: James@CivilRightsNY.com | E-mail: rgold@abramslaw.com |
| Date: November __2__, 2022 | Date: November____, 2022 |

It is so ORDERED this  day of November _____ , 2022

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT COURT JUDGE

8

same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

________________________________

EDWIN ZAYAS

Date: November____, 2022

________________________________

174 8th Avenue Associates, Inc.

By______________________________

Title: President

Date: November 6th, 2022

________________________________

174 Eighth Rest Corp.

By______________________________

Title: PRESIDENT

Date: November 2nd, 2022

| | |
|---|---|
| Law Offices of James E Bahamonde, PC | Abrams Fensterman, LLP |
| | *Dean Boyer* |
| JAMES E. BAHAMONDE, ESQ.<br>2501 Jody Court<br>North Bellmore, NY 11710 | N. Dean Boyer, Esq.<br>3 Dakota Dr., Suite 300<br>Lake Success NY 11042 |
| E-mail: James@CivilRightsNY.com | E-mail: nboyer@abramslaw.com |
| Date: November____, 2022 | Date: November 7, 2022 |

It is so ORDERED this  day of November ___15___ , 2022

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 1

<div align="center">

**THE HUDSON GROUP INTERNATIONAL LLC**
architecture   construction   management
90 Church Avenue – 1st Fl # 956 - New York, NY 10007
Tel (212) 675-5052 Fax (212) 675-9302
email: thehudsongroup@gmail.com

</div>

October 27, 2022
Rev


**Re: 174 Eighth Avenue - New York, NY**
    **Jungle Bird**


**Scope of Work**

The following scope is herewith proposed at the referenced premises:

**South Entrance (Primary Door)**

1. Provide and install new intercom communication system to allow patrons with disabilities to communicate with the host/manager for assistance to access interior dining/drinking areas and/or toilet facility.
   *Note: exterior intercom station to be installed at designated area adjoining entrance.*

2. Provide and install ADA accessibility sign with assistance instructions in storefront area adjacent to door.
   *Note: ADA signage to be selected by Client*

**North Entrance (Accessible Door)**

1. Provide new custom-fabricated metal ramp approximately 44" wide to extend into the sidewalk (maximum) 44" beyond the properly line. The ramp shall be fabricated of non-slip non-rust metal and sloped to meet the edge of the existing door.
   *Note: width of proposed ramp shall match the width of the existing entrance (44"). Design to be coordinated with our office and the Client.*

2. Provide new custom-fabricated non-rust metal handrails for both sides of ramp, 34"-38" high.
   *Note: handrail on the northerly side of the new ramp will be installed in a manner to allow the entrance door to automatically swing out a full ninety (90) degrees. Design to be coordinated with our office and the Client.*

3. Provide and install new intercom communication system to allow patrons with disabilities to communicate with the host/manager for assistance to access interior dining/drinking areas and the toilet facility.
   *Note: exterior intercom monitor shall be installed at designated area adjoining entrance door and ramp, at sidewalk level, and at an accessible height.*

4. Install a motorized door opener that can be operated by a push button/push plate, adjacent to the intercom communication device noted in Item 3 above.
   *Note: automatic door opener and push button device will not be in use or accessible when establishment is closed to the public.*

5. Provide and install ADA accessibility sign with assistance instructions in storefront area clearly visible to patrons with disabilities.
   *Note: ADA signage to be selected by Client*

**THE HUDSON GROUP INTERNATIONAL LLC**
architecture  construction  management

October 27, 2022
Rev

**Re: 174 Eighth Avenue – New York, NY**
     **Jungle Bird**

**ADA Toilet Room**

1. Repair and/or replace door closer.
   *Note: door closer should have a push/pull force of less than 5 lbs.*

2. Relocate toilet paper dispenser at a distance of 7"-9" from edge of water-closet to centerline of dispenser, and at a height between 15"-48" above the floor.

3. Modify, repair and/or replace existing wall-mounted lavatory, floor-mounted water-closet, entrance door, and toilet accessories, as deemed necessary to comply with ADA 2010 regulations.

4. Install ADA signage outside Toilet Room door.
   *Note: ADA signage to be selected by Client clearly visible to patrons with disabilities.*

**ADA Bar Counter Station**

1. Existing 44" wide HC bar counter shall be lowered to provide knee clearance of maximum 27" above the floor. Top of countertop shall be installed between 28"-31" above the floor.

2. Remove existing metal toe rest below the HC counter to meet the same length of HC counter above (44").

3. Provide ADA signage on wall adjacent to HC bar counter.
   *Note: ADA signage to be selected by Client*

**Dining Room**

1. Provide one (1) accessible dining table to meet the following dimensions:
   - Clear front of table open space of 30"
   - Maximum clear height of underside of table of 27"
   - Minimum height of top of table of 28"-31" above the floor
   - Minimum knee clearance below table of 11"

2. Provide ADA signage on wall adjacent to dining table or other suitable location.
   *Note: ADA signage to be selected by Client clearly visible to patrons with disabilities.*

**Outdoor Dining Area**

1. Provide one (1) accessible dining table to meet the following dimensions:
   - Clear open space of 30" at front approach to table
   - Maximum clear height of underside of table of 27"
   - Minimum height of top of table of 28"-31" above the floor
   - Minimum knee clearance below table of 11"

*Note: Provide ADA signage on post adjacent to dining table or other suitable location clearly visible to patrons with disabilities.*

# THE HUDSON GROUP INTERNATIONAL LLC
architecture   construction   management

October 27, 2022
Rev

**Re: 174 Eighth Avenue – New York, NY**
  **Jungle Bird**

**General Notes**

1. All proposed work shall be subject to verification and confirmation by the Client's attorney's office before commencing any fabrication, purchases, and installation.

2. Proposed interior and exterior accessibility signage shall be compliant with 2010 ADA standards and shall be coordinated with the consultant and the Client for location postings.

3. All proposed custom-fabricated furniture, accessories, and other furnishings shall be coordinated with the consultant and the Client.

4. If required and/or necessary, Department of Buildings approved drawings will be revised to reflect proposed ADA accessibility work, at the direction of Client's attorney.

_____